UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS I. GAGE,

    *Plaintiff*,

v.

NEW JERSEY DEPARTMENT OF
ENVIRONMENTAL PROTECTION, et al.,

    *Defendants*.

Civil Action No. 1:22-cv-0944 (CJN)

## MEMORANDUM OPINION

*Pro se* plaintiff Thomas I. Gage raises a series of claims against the New Jersey Department of Environmental Protection (NJDEP); certain NJDEP officials; a government-affiliated engineer, John Ruschke; and Ruschke's Employer, Mott MacDonald LLC. *See generally* Compl., ECF No. 1. Gage's fourteen-count complaint centers around a dispute regarding his property in New Jersey. *See id.* In essence, he appears to claim that the defendants incorrectly determined that protected wetlands exist on his land. *See id.*

NJDEP and its officials moved to dismiss for lack of subject-matter jurisdiction, for improper venue, and for failure to state a claim. *See* NJDEP Defs.' Mot. to Dismiss, ECF No. 24. Ruschke and Mott MacDonald separately moved to dismiss for failure to state a claim. *See* Ruschke & Mott MacDonald Mot. to Dismiss, ECF No. 20. For the following reasons, the Court transfers the case to the District of New Jersey and leaves the pending motions to the transferee court.

The Court will jump straight to venue. Subject-matter jurisdiction, of course, usually comes first. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). But

1

venue is a "threshold, nonjurisdictional issue that can be addressed without first examining jurisdiction." *Chevron USA v. EPA*, 45 F.4th 380, 385 (D.C. Cir. 2022); *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429-32 (2007) (holding the same for *forum non convniens*). After all, "when a court disposes of a case on improper venue, the court does not draw upon its 'substantive law-declaring power'"—it simply determines "that the merits should be adjudicated elsewhere." *Chevron*, 45 F.4th at 385 (quoting *Sinochem*, 549 U.S. at 432, 433).

In considering a motion to dismiss for improper venue, the Court must "accept the plaintiff's well-pled factual allegations regarding venue as true, draw all reasonable inferences from those allegations in the plaintiff's favor, and resolve any factual conflicts in the plaintiff's favor." *US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 68 (D.D.C. 2021) (cleaned up). Venue is proper in (1) the district where any defendant resides, if all defendants reside in the state in which that district is located; (2) the district where "a substantial part the events or omissions giving rise to the claim occurred" or where "a substantial part of property that is the subject of the action is situated"; or (3) if venue would not be proper in any district for those reasons, wherever the defendants are subject to personal jurisdiction. 28 U.S.C. § 1391(b).

This Court is the wrong venue for Gage's suit. The first basis for venue is not met here. Based on the complaint, the Court can conclude that at least the NJDEP is a resident of New Jersey, not D.C. *See* Compl ¶ 9, ECF No. 1. As a result, not all defendants reside in this district. Nor is the second basis for venue satisfied. The defendants' alleged conduct occurred in New Jersey, which is also where the property at issue is located. The third basis for venue does not work either. Venue is proper in another district—the district of New Jersey, which is the site of the events and property at issue.

With this conclusion in hand, the Court has two choices. It can either "dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Generally, the interest of justice requires transferring such cases to the appropriate judicial district rather than dismissing them." *Mathis v. Geo Grp., Inc.*, 535 F. Supp. 2d 83, 86 (D.D.C. 2008). This case is no exception. Transfer in this case would save this *pro se* plaintiff "the time and expense of refiling this lawsuit in a different district." *McQueen v. Harvey*, 567 F. Supp. 2d 184, 188 (D.D.C. 2008) (citation omitted). Indeed, *pro se* plaintiffs are generally given "additional leniency" when deciding whether to dismiss or instead transfer. *Id.* On top of that, the District of New Jersey has already resolved this plaintiff's previous (and similar) clams against some of these defendants. *See Gage v. NJDEP*, No. 21-cv-10763, 2022 WL 254599 (D.N.J. Jan 27, 2022). The proper course is thus to transfer to the district of New Jersey.

The Court has another choice to make. Venue objections are forfeitable. *See* Fed. R. Civ. P. 12(h)(1). And only the NJDEP defendants moved to dismiss for lack of venue. The Court can therefore either "transfer the entire case to another district that is proper for [all] defendants" or it can "sever the claims, retaining jurisdiction over" Ruschke and Mott MacDonald "and transfer[] the case as to the" NJDEP defendants. *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994); *see Delta Sigma Theta Sorority Inc. v. Bivins*, 20 F. Supp. 3d 207, 209 n.1 (D.D.C. 2014); 14D Charles Alan Wright, Arthur R. Miller & Richard D. Freer, *Federal Practice and Procedure* § 3827 (4th ed. 2023). Severance, however, would be inappropriate because "partial transfer would require the same issues to be litigated in two places." *See Cottman*, 36 F.3d at 296. Here, many of Gage's claims are directed at all the defendants. So, the Court will transfer the entire case.

For these reasons, this case is **transferred to the United States District Court for the District of New Jersey**.

DATE:  September 27, 2023

                                                      CARL J. NICHOLS
                                                      United States District Judge